JANVIER, Judge
■ This controversy arises-as a-result of a verbal contract under which -the plaintiff, who operates a machine shop, agreed - to construct a trailer to be used by the defendant partnership in its business of razing and- levelling houses and other buildings.
'The plaintiff alleges that he agreed to build the trailer for an estimated cost of $315,. but that when the trailer, was practically completed certain changes and extras were ordered, and that though no price for the changes and extras was agreed upon, a proper charge for the-completed-trailer was $977, -and when the defendant partnership refused -to pay that- amount, he.brought this suit against if knd ‘itsriridividu'al members.
: The defendants admit that they contracted with plaintiff for the construction of ,a trailer but they aver that .the plaintiff made a firm price of $315 and did not say that he -merely estimated that .the cost-would he about, $315. Defendants further admit that certain changes, and extras were ordered and that a, proper charge, for these changes and extras amounted-to, $83.98, and accordingly they admit that , they-are indebted to plaintiff in the sum of $398.98, which they áre ready, willing and able to pay.
In the Civil District Court for the Parish of Orleans there was judgment in favor of plaintiff and against defendants in -the sum of $652.10, with legal interest from judicial demand.- Both parties have appealed de-volutively and suspensively.
Plaintiff alleges that Herman Abry, one of the partners of Abry Bros., called on him and exhibited to him a rough sketch of the ’trailer which he desired plaintiff to construct out of secondhand material, and that he asked plaintiff how much the trailer would cost, and plaintiff says that,-’after *902 considering the matter, he told Mr. Abry he estimated that the cost would be approximately $315. It is also alleged that during the course of the work Mr. Abry himself ordered the extras which resulted in the additional charges.
The first dispute arises over the question of whether plaintiff made a firm offer to build the trailer for $315 or merely said that he estimated that the cost would be about that amount. It, is of no great importance that we reach a conclusion on this issue since plaintiff agrees that he could have completed the trailer in accordance with the original plans and that had he been permitted to do so, there would have remained, over the cost of material and labor, a small profit out of the $315 which he had estimated as the price for the trailer.
Plaintiff says that after he had practically completed all of the necessary work for the construction of the trailer , as originally ordered, Mr. Abry concluded, that there should be added an additional part which the witnesses refer to as a second tongue, so that there would then be two tongues extending from the rear section to the front or fifth’wheel section, and he says that the change in the construction from a one tongue type to a two tongue type was tremendously expensive. He also says that Mr. Abry desired to change the steering wheel which was on the rear section and located in the center and to place the steering wheel on the side, and that this also resulted 'in a considerable additional cost.
There was also a dispute as to whether or not the original price or estimate included tires and tubes, plaintiff contending that it did not include these items and defendant maintaining that it did. ■ ■■
■ It is also shown that the original sketch did not contemplate a hinged leg on the front which could be used to support the front end when the trailer was not connected .to a tractor or truck which’ was necessary to pull it and that this also added considerably to the cost.
Also it appears that not included in the original sketch was a roller on the rear end of the truck which .would- make, it much easier for large timbers to be rolled on to and off the trailer.
The record does not make it certain as to whether these items were suggested by plaintiff or by defendants, but it does seem certain that- defendants understood that there would be some slight additional cost for these extra items. They admit this, for in their brief they show that these'additional items should have cost $83.98. It appears, however, that the figures used by defendants represented the actual cost of the material which was purchased for these extras and did not include the cost of the labor made necessary by the changes.
A careful examination of the sketches as originally submitted and a comparison of these sketches with later sketches which show the trailer as it was finally constructed indicates that substantial changes were made, but it also indicates that those changes did not justify such a tremendous additional charge as is demanded by plaintiff.
If the original trailer was to have cost $315 we cannot see why the changes which are shown to have been made would have made the cost nearly three times the amount of the original estimate. On the" other hand, we feel, certain that the cost of the extras was considerably more than the amounts admitted by the defendants.
Defendants placed on the witness stand Wallace J.' Schwab who operated a shop which did the same kind of work as that which was performed by the plaintiff. Schwab, for seven and a half years, had conducted his own shop and for about three years had been employed as general machinist superintendent by the Higgins Company at its Industrial Canal plant and stated that he was familiar with this particular trailer and had made a careful analysis of the cost of building one and, in fact, wrote a letter in which he offered to build such a trailer for $510.25.
In view of the contradictory testimony and in view of our conclusion that the charge made by the plaintiff is excessive, *903 and that the amount admitted by defendants is inadequate, we reach the conclusion that the value of the trailer as constructed by the plaintiff was the amount for which Schwab said he would have been willing1 to build such a trailer — in other words, $510.25. Our conclusion is that plaintiff should recover that amount from defendants.
Consequently, the judgment appealed from is amended by the reduction of' the amount thereof to $510.25, plaintiff to pay the costs of appeal, defendants to pay all other costs. As thus amended the judgment is affirmed.
Amended and affirmed.